UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CARL EGAN,<br><br>                    Plaintiff,<br><br>     v.<br><br>THE SOCIAL SECURITY ADMINISTRATION,<br><br>                    Defendant. | Case No. 14-cv-2466-BAS(WVG)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

On October 17, 2014, William Carl Egan commenced this action against the Social Security Administration, asserting the single allegation that "Defendant owes retroactive pay for Oct [sic] 1996 to May 2003 for SSDI Benefits and SSI Benefits which was current law." Mr. Egan's request to proceed *in forma pauperis* was denied, but he was given the opportunity to pay the $400.00 filing fee in monthly installments of $50.00. On November 3, 2014, Mr. Egan made a single $50.00 payment towards the filing fee, but has not made any other payments since.

//
//

## I. RECONSIDERATION OF INTERLOCUTORY ORDER

"Courts have inherent power to modify their interlocutory orders before entering a final judgment[.]" *Balia v. Idaho State Bd. of Corr.*, 869 F.2d 461, 465 (9th Cir. 1989). "In addition, [Rule 54(b) of] the Federal Rules of Civil Procedure explicitly grants courts the authority to modify their interlocutory orders[.]" *Id.*; *see also* Fed. R. Civ. P. 54(b); *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996) ("[I]nterlocutory orders and rulings made pre-trial by a district judge are subject to modification by the district judge at any time prior to final judgment."). To determine whether reconsideration is warranted under Rule 54(b), the Court applies the Rule 59(e) reconsideration standard. *See Hydranautics v. FilmTec Corp.*, 306 F.Supp.2d 958, 968 (S.D. Cal. 2003) (Whelan, J.).

Having revisited Mr. Egan's motion to proceed *in forma pauperis*, and "liberally construing" representations made in other filings that his financial status requires the need for appointment of counsel, the Court reconsiders its October 20, 2014 order.[1] The Court finds that Mr. Egan is entitled to proceed *in forma pauperis*, and accordingly, **VACATES** the October 20, 2014 order (ECF No. 4), and **GRANTS** Mr. Egan's motion to proceed *in forma pauperis* (ECF No. 2). In light of obtaining leave to proceed *in forma pauperis*, the Court further **ORDERS** the Clerk of the Court to refund the $50.00 installment payment that Mr. Egan made towards paying his filing fee.

## II. *SUA SPONTE* SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent

---

[1] "The Supreme Court has instructed the federal courts to liberally construe 'inartful pleading' of pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)).

it is "frivolous, malicious, fails to state a claim upon which relief may be granted, or . . . seeks monetary relief against a defendant who is immune from such relief[.]" *Lopez v. Smith*, 203 F.3d 1122, 1141 n.6 (9th Cir. 2000) (en banc); *see also* 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). Section 1915(e)(2) mandates that the court reviewing a complaint filed pursuant to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Federal Rule of Civil Procedure 4(c)(3). *Lopez*, 203 F.3d at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting the "the language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

As currently pleaded, Mr. Egan's complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). It was previously mentioned that Mr. Egan asserts a single allegation in the complaint stating, "Defendant owes retroactive pay for Oct [sic] 1996 to May 2003 for SSDI Benefits and SSI Benefits which was current law." The legal and factual basis for the relief sought in that lone allegation is unclear. From that single allegation, the Court is unable to conclude that Mr. Egan states a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Stated differently, Mr. Egan fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.   CONCLUSION & ORDER

In light of the foregoing, the Court **VACATES** the October 20, 2014 order (ECF No. 4), **GRANTS** Mr. Egan's motion to proceed *in forma pauperis* (ECF No. 2), **ORDERS** the Clerk of the Court to refund the $50.00 installment payment that Mr. Egan made towards paying his filing fee (ECF No. 8), and **DISMISSES**

1  **WITHOUT PREJUDICE** this action in its entirety for failing to state a claim upon
2  which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).
3      **IT IS SO ORDERED.**
4
5  **DATED:  May 11, 2016**

Hon. Cynthia Bashant
United States District Judge